1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   BRONCHE JOHNSON,

11          Plaintiff,                No. CIV S-04-1783 FCD KJM P

12      vs.

13   THE CDC, et al.,

14          Defendants.              FINDINGS & RECOMMENDATIONS

15   _____/

16          Plaintiff is a California prisoner proceeding pro se with an action for violation of

17   civil rights under 42 U.S.C. § 1983.  He filed his original complaint on August 26, 2004 and his

18   amended complaint was filed May 3, 2005.  Defendants are either employees or former

19   employees of the California Department of Corrections and Rehabilitation (CDCR).  Plaintiff

20   alleges defendants violated his rights arising under federal law by requiring that plaintiff either

21   cut his hair or be subjected to discipline.  Defendants' motion for summary judgment is before

22   the court.

23   I.  Summary Judgment Standard

24          Summary judgment is appropriate when it is demonstrated that there exists "no

25   genuine issue as to any material fact and that the moving party is entitled to a judgment as a

26   matter of law."  Fed. R. Civ. P. 56(c).

1

1    Under summary judgment practice, the moving party

2    always bears the initial responsibility of informing the district court
     of the basis for its motion, and identifying those portions of "the
3    pleadings, depositions, answers to interrogatories, and admissions
     on file, together with the affidavits, if any," which it believes
4    demonstrate the absence of a genuine issue of material fact.

5    Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).  "[W]here the

6    nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary

7    judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers

8    to interrogatories, and admissions on file.'"  Id.  Indeed, summary judgment should be entered,

9    after adequate time for discovery and upon motion, against a party who fails to make a showing

10   sufficient to establish the existence of an element essential to that party's case, and on which that

11   party will bear the burden of proof at trial.  See id. at 322.  "[A] complete failure of proof

12   concerning an essential element of the nonmoving party's case necessarily renders all other facts

13   immaterial."  Id.  In such a circumstance, summary judgment should be granted, "so long as

14   whatever is before the district court demonstrates that the standard for entry of summary

15   judgment, as set forth in Rule 56(c), is satisfied."  Id. at 323.

16          If the moving party meets its initial responsibility, the burden then shifts to the

17   opposing party to establish that a genuine issue as to any material fact actually does exist.  See

18   Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  In attempting to

19   establish the existence of this factual dispute, the opposing party may not rely upon the

20   allegations or denials of its pleadings but is required to tender evidence of specific facts in the

21   form of affidavits, and/or admissible discovery material, in support of its contention that the

22   dispute exists.  See Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11.  The opposing party

23   must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome

24   of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248

25   (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir.

26   1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could

1   return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433,

2   1436 (9th Cir. 1987).

3            In the endeavor to establish the existence of a factual dispute, the opposing party

4   need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the

5   claimed factual dispute be shown to require a jury or judge to resolve the parties' differing

6   versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631.  Thus, the "purpose of summary

7   judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a

8   genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory

9   committee's note on 1963 amendments).

10           In resolving the summary judgment motion, the court examines the pleadings,

11  depositions, answers to interrogatories, and admissions on file, together with the affidavits, if

12  any.  Fed. R. Civ. P. 56(c).  The evidence of the opposing party is to be believed.  See Anderson,

13  477 U.S. at 255.  All reasonable inferences that may be drawn from the facts placed before the

14  court must be drawn in favor of the opposing party.  See Matsushita, 475 U.S. at 587.

15  Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to

16  produce a factual predicate from which the inference may be drawn.  See Richards v. Nielsen

17  Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir.

18  1987).  Finally, to demonstrate a genuine issue, the opposing party "must do more than simply

19  show that there is some metaphysical doubt as to the material facts . . . .  Where the record taken

20  as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no

21  'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).

22           On February 16, 2006, the court advised plaintiff of the requirements for opposing

23  a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure.  See Rand v. Rowland, 154

24  F.3d 952, 957 (9th Cir. 1998) (en banc),  cert. denied, 527 U.S. 1035 (1999), and Klingele v.

25  Eikenberry, 849 F.2d 409 (9th Cir. 1988).

26  /////

II.  First Amendment

Plaintiff asserts that defendants have violated plaintiff's right to free exercise of his religion arising under the First Amendment by requiring that plaintiff cut his hair.  Plaintiff claims he is a Rastafarian and that growing his hair is one manner in which plaintiff practices his religion.  First Am. Compl. (Compl.) ¶ 8.[1]

Defendants assert that because the Ninth Circuit already has upheld CDCR's grooming regulations against a First Amendment free exercise clause attack in Henderson v. Terhune, 379 F.3d 709 (9th Cir. 2004), they should be granted summary judgment.  Plaintiff does not dispute that his First Amendment claim is essentially barred by Henderson, which was decided close in time to the filing of plaintiff's amended complaint.  Indeed, because the facts in Henderson are essentially the same as those presented here -- i.e., an inmate was not allowed to grow his hair, which violated the inmate's Native American religious beliefs -- Henderson precludes plaintiff from obtaining relief under the First Amendment.

III.  Equal Protection

Plaintiff asserts his right to equal protection of the laws arising under the Fourteenth Amendment has been violated because he was forced to cut his hair while female inmates were not.  Am. Compl. ¶ 11.  Defendants assert plaintiff cannot and does not point to any evidence in support of this claim.  In response to defendants' argument, plaintiff  indicates in his own declaration that he has seen "gay boy inmates," "snitches" and other "favored inmates" be allowed to grow their hair.  He also cites to declarations of other inmates in which they say essentially the same thing.  See Opp'n, Decl. of Bronche Johnson; Docket Nos. 28-2 - 28-4.  But the declarations do not provide any support for plaintiff's claim of gender bias.  Even if the court were to construe plaintiff's new allegations as a request for leave to amend his complaint, /////

---

[1] Citations to the complaint are to the narrative document attached to the form complaint.

1  plaintiff's request would be denied as he fails to identify anyone responsible for the alleged

2  favoritism described.

3  IV.  RLUIPA

4          Plaintiff alleges that, by requiring plaintiff to cut his hair, defendants violated

5  plaintiff's rights arising under the Religious Land Use and Institutionalized Persons Act

6  (RLUIPA).  Am. Compl. ¶¶ 6, 10, 12, 20.  Defendants assert they are immune from suit with

7  respect to plaintiff's RLUIPA claims under the doctrine of qualified immunity.

8          Government officials performing discretionary functions generally are shielded

9  from liability for civil damages insofar as their conduct does not violate clearly established

10  statutory or constitutional rights of which a reasonable person would have known.  Harlow v.

11  Fitzgerald, 457 U.S. 800, 818 (1982).  In determining whether a governmental officer is immune

12  from suit based on the doctrine of qualified immunity, the court must answer two questions.  The

13  first is, taken in the light most favorable to the party asserting the injury, do the facts alleged

14  show the officer's conduct violated a constitutional right?  Saucier v. Katz, 533 U.S. 194, 201

15  (2001).  A negative answer ends the analysis, with qualified immunity protecting defendant from

16  liability.  Id.  If a constitutional violation occurred, a court must further inquire "whether the right

17  was clearly established."  Id.  "If the law did not put the [defendant] on notice that [his] conduct

18  would be clearly unlawful, summary judgment based on qualified immunity is appropriate."  Id.

19  at 202.

20          Defendants do not argue that they did not violate RLUIPA.  Instead, they assert

21  that at the time they acted, it was not clear their actions violated RLUIPA.  It was not until July

22  29, 2005 that the Ninth Circuit found that the grooming standards in California's prisons could

23  impose a "substantial burden" on religious practice and therefore violate RLUIPA.  Warsoldier v.

24  Woodford, 418 F.3d 989, 996 (9th Cir. 2005).  Thus, it would not have been clear to a reasonable

25  person based only upon a reading of RLUIPA (42 U.S.C. § 2000cc et seq.) that the actions of

26  defendants violated the statute.  Because all of the allegations made by plaintiff concern actions

1  taken in 2003, well before July 29, 2005, defendants are entitled to immunity in the face of

2  plaintiff's RLUIPA claims.[2]

3  V.  Eighth Amendment

4          Plaintiff also asserts that by requiring plaintiff to cut his hair, defendants have

5  subjected plaintiff to cruel and unusual punishment in violation of the Eighth Amendment.  Am.

6  Compl. ¶¶ 13-14, 17-19.  Defendants point out correctly that the Eighth Amendment prohibits

7  only the unnecessary and wanton infliction of pain.  See Whitley v. Albers, 475 U.S. 312, 319

8  (1986).  Because plaintiff fails to point to any evidence indicating defendants caused him any

9  pain, and the court is unaware of any authority equating an inmate's cutting his hair with physical

10  injury, defendants are entitled to summary judgment with respect to plaintiff's Eighth

11  Amendment claim.

12  VI.  Fourth Amendment

13          Finally, the court notes that plaintiff claims defendants violated his Fourth

14  Amendment rights by cutting his hair.  While defendants do not seek summary judgment

15  concerning this claim, the court will recommend that it be dismissed under 28 U.S.C.

16  § 1915(e)(2) and Federal Rule of Civil Procedure 12(b)(6).  Prisoner does not allege that his hair

17  was searched either before or after it was cut and plaintiff fails to point to any reason why the

18  court should depart from the general rule that the Fourth Amendment's prohibition against

19  unreasonable seizures does not apply to the personal effects of prisoners.  See Hudson v. Palmer,

20  468 U.S. 517, 527-28 (1984) (Fourth Amendment's proscription against unreasonable seizures is

21  not applicable to items found in a prison cell).

22  /////

23  /////

24  ─────────────────

25     [2] Plaintiff seems to suggest that Mayweathers v. Terhune, 328 F. Supp. 2d 1086 (E.D. Cal. 2004) put defendants on notice that their actions violated RLUIPA.  However, Mayweathers

26  also was decided after the acts committed by defendants that form the basis of plaintiff's RLUIPA claims.

VII.  Injunctive Relief

In his amended complaint plaintiff seeks injunctive relief in the form of an order directing CDCR to refrain from disciplining plaintiff for growing his hair.  Both parties agree this request is moot, as CDCR stopped disciplining plaintiff in January 2006.  Mot. at 5:12-6:17; Opp'n at 4.

VIII.  Conclusion

In light of the foregoing, the court will recommend that defendants' May 14, 2007 motion for summary judgment be granted, plaintiff's Fourth Amendment claim be dismissed and this case be closed.

In accordance with the above, IT IS HEREBY RECOMMENDED that

1.  Defendants' May 14, 2007 motion for summary judgment be granted;

2.  Plaintiff's Fourth Amendment claims be dismissed; and

3.  This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  March 14, 2008.

_____
U.S. MAGISTRATE JUDGE

1
john1783.57